IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:25-cv-1923

**IRMA REYNOSO**, on behalf of herself and
others similarly situated,

        Plaintiff,

   v.

**FRITO-LAY, INC.**,
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

        Defendant.

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND COLORADO LAW

Named Plaintiff Irma Reynoso ("Named Plaintiff") hereby files her Collective And Class Action Complaint against Defendant Frito-Lay, Inc. ("Defendant") for its failure to pay employees' overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq; the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR §§ 1103-1, et seq; and the Colorado Wage Act, C.R.S. §§ 8-4-101 ("CWA"), et seq (the COMPS Order and the CWA will be referred to collectively as "the Colorado Acts"). Named Plaintiff's FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b). Named Plaintiff's claims under the Colorado Acts are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the

acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Colorado Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to Colorado law over which this Court maintains supplemental subject-matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to these claims occurred in the District of Colorado, and Defendant has conducted substantial business in the District of Colorado.

## II.    PARTIES

### A.    Named Plaintiff

4. Named Plaintiff Irma Reynoso is an individual, a United States citizen, and a resident of Colorado.

5. Named Plaintiff worked for Defendant at its manufacturing facility in Denver, Colorado as an hourly, non-exempt employee as defined in the FLSA and the Colorado Acts primarily in the position of Packer from approximately October 2023 until March 2025.

6. At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendant.

7. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B.  **Defendant**

8. Defendant is a for-profit foreign corporation registered to conduct business in Colorado. Defendant operates numerous manufacturing/production facilities across Colorado and the United States. Defendant is a food manufacturer that specializes in the production of chips, popcorn, and other branded snack foods.

9. At all relevant times, Defendant has been an "employer" as the FLSA and the Colorado Acts define that term due to its employment of Named Plaintiff and those similarly situated as described herein.

10. At all relevant times, Named Plaintiff and other similarly situated employees have been employees engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

11. Defendant operates and controls an enterprise engaged in interstate commerce, producing and providing snack foods to customers across the country.

12. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees of Defendant. In so doing, Defendant is responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

13. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant has exercised that authority and control over Named Plaintiff and other similarly situated employees.

14. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

16. During all relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

17. Named Plaintiff brings this action on behalf of herself and those similarly situated.

18. Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA and the Colorado Acts (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

19. Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (exclusive of excise taxes at the retail level).

20. Based on information and belief, Defendant was fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States and the State of Colorado.

### III. FACTUAL ALLEGATIONS

21. Defendant is a food manufacturer that specializes in producing chips and other branded snack foods at its facilities across the country.

22. At all times relevant, Named Plaintiff and other similarly situated employees were "employees" as defined in the FLSA and the Colorado Acts.

23. Named Plaintiff and other similarly situated employees worked, or were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

24. As a manufacturer of food products, Defendant is regulated by the U.S. Food and Drug Administration ("FDA") and is subject to the authority of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 9, *et seq*. (hereinafter "FDCA").

25. In enforcing the FDCA, the FDA promulgates its own Good Manufacturing Practices ("GMPs") for the manufacturing, packing, or holding of human food set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

26. The FDCA prohibits the adulteration of food and the introduction or delivery for introduction into interstate commerce of any adulterated food. 21 U.S.C. § 331.

27. Food is considered adulterated "if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health[.]" 21 U.S.C. § 342(a)(4).

28. Any person who violates 21 U.S.C. § 331 "shall be imprisoned for not more than one year or fined not more than $1,000, or both." 21 U.S.C. § 333(a)(1).

29. Named Plaintiff and those similarly situated production/manufacturing employees were required to comply with these FDA regulations as a component of their jobs. Donning personal protective equipment ("PPE"), using a lint roller on their clothing, washing their hands to maintain food sanitation, and complying with FDA regulations are essential job duties in food manufacturing and packaging.

30. These sanitation steps are integral and indispensable to the work performed by Named Plaintiff and other similarly situated production/manufacturing employees who are involved in the processing, packaging, and handling of food products.

31. Named Plaintiff and other similarly situated employees frequently reported to work and began working before the scheduled start of their shifts to complete these sanitation steps.

32. Although Named Plaintiff and other similarly situated hourly production/manufacturing employees reported to work and began performing integral and indispensable work before the scheduled start of their shifts, Defendant did not compensate for the time spent performing these sanitation steps.

33. Defendant's failure to compensate Named Plaintiff and other similarly situated hourly production/manufacturing employees for this integral and indispensable work resulted in these employees not being compensated for all overtime hours worked.

34. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

35. Upon information and belief, Defendant has applied these same policies to all of its hourly production/manufacturing employees.

36. As a result of Defendant's companywide policy and/or practice of not compensating employees for the time spent completing sanitation steps, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated employees for all hours worked.

### IV.    FLSA COLLECTIVE ACTION ALLEGATIONS

37. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a

representative action on behalf of herself and all other similarly situated hourly production/manufacturing employees of the opt-in collective, consisting of the following:

> **All of Defendant's current and former hourly production/manufacturing employees who were paid for at least 40 hours of work in any workweek and who don and doff personal protective equipment and/or engage in other pre-shift sanitation steps beginning 3 years before the filing date of the Complaint and continuing through the final disposition of this case (the "FLSA Collective" or the "Potential FLSA Collective Members").**

38. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former hourly production/manufacturing employees are similarly situated regarding their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and acting on behalf of their interests as well as her own in bringing this action.

39. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

V. **COLORADO CLASS ACTION ALLEGATIONS**

40. Named Plaintiff brings this action pursuant to Rule 23(a) and (b)(3) on behalf of herself and all other current or former hourly production/manufacturing employees employed by Defendant within the last two (2) years, consisting of:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant in Colorado who (a) were paid for at least 40 hours of work in any workweek**

> **or (b) worked at least 12 consecutive hours without regard to the start and end time of the workday, and who don and doff personal protective equipment and/or engage in other pre-shift sanitation steps beginning two (2) years prior to the filing date of this Complaint and continuing through the final disposition of this case (the "Colorado Rule 23 Class" or the "Colorado Rule 23 Class Members")**

35. During relevant times, Named Plaintiff and the Colorado Rule 23 Class Members have been denied overtime compensation due to Defendant's companywide payroll policies and/or practices of not fully and properly compensating its employees all overtime because it failed to pay employees as outlined above when they worked forty (40) or more hours in one or more workweek(s). Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

36. The Colorado Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

37. Named Plaintiff is a member of the Colorado Rule 23 Class, whose claims for unpaid wages are typical of the claims of other members of the Colorado Rule 23 Class.

38. Named Plaintiff will fairly and adequately represent the Colorado Rule 23 Class and the interests of all members of the Colorado Rule 23 Class.

39. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Colorado Rule 23 Class that she has undertaken to represent.

40. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Colorado Rule 23 Class.

41. Questions of law and fact are common to the Colorado Rule 23 Class.

42. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible

standards of conduct for Defendant with respect to its non-exempt hourly production/manufacturing employees.

43. Class certification is appropriate under Rule 23(b)(2), as Defendant acted or refused to act on grounds generally applicable to the Colorado Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Colorado Rule 23 Class as a whole.

44. Class certification is appropriate under Rule 23(b)(3), as the questions of law and facts common to the Colorado Rule 23 Class predominate over questions affecting individual members of the Colorado Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45. Questions of law and fact that are common to the Colorado Rule 23 Class include but are not limited to: (a) whether Defendant violated the Colorado Acts by failing to pay the Colorado Rule 23 Class Members for all hours worked in excess of forty (40) hours per workweek because of Defendant's policies and practices described herein; (b) whether Defendant's violations of the Colorado Acts were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Colorado Rule 23 Class on account of Defendant's violations of the Colorado Acts; and (d) what amount of prejudgment interest is due to Colorado Rule 23 Class members on overtime or other compensation that was withheld or not paid to them.

46. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Colorado Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Colorado litigation on behalf of the Colorado Rule 23 Class, as

defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

VI.     **CAUSES OF ACTION**

**COUNT I:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

47.     All of the preceding paragraphs are realleged as if fully rewritten herein.

48.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

49.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

50.     During the three (3) years preceding the filing of the initial Complaint, Defendant employed Named Plaintiff and the Potential FLSA Collective Members.

51.     Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in various workweeks.

52.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

53.     Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

54. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

55. Defendant knew or should have known of the FLSA's overtime payment requirements. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

56. The exact total compensation, including overtime, that Defendant has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendant's possession or were otherwise not kept.

57. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Potential FLSA Collective Members.

**COUNT II:**
**COMPS ORDER #39 – 7 CCR §§ 1103, et seq.**

58. All of the preceding paragraphs are realleged as if fully rewritten herein.

59. This claim is brought under the COMPS Order #39, 7 CCR §§ 1103, et seq.

60. At all relevant times, Named Plaintiff and the Colorado Rule 23 Class Members were employed by Defendant within the meaning of the COMPS Order.

61. Because Defendant was, at all relevant times, an employer within the meaning of the FLSA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

62. The COMPS Order requires that employees receive overtime compensation at "time and one half of the regular rate of pay" for all hours worked over 40 per workweek.

63. Named Plaintiff and the Colorado Rule 23 Class Members regularly worked in excess of the maximum weekly hours permitted under the COMPS Order but were not paid overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

64. Named Plaintiff and the Colorado Rule 23 Class Members were not exempt from the wage protections of the COMPS Order.

65. Defendant's repeated and knowing failures to pay overtime wages to Named Plaintiff and the Colorado Rule 23 Class Members were violations of the COMPS Order, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Colorado Rule 23 Class Members were entitled.

66. For Defendant's violations of the COMPS Order, by which Named Plaintiff and the Colorado Rule 23 Class Members have suffered and continue to suffer damages, Named Plaintiff and the Colorado Rule 23 Class Members seek unpaid overtime and other compensation, any statutory penalties, interest and attorneys' fees, and all other remedies available.

### COUNT III:
### COLORADO WAGE ACT – C.R.S. §§ 8-4-101, et seq.

67. All of the preceding paragraphs are realleged as if fully rewritten herein.

68. At all relevant times, Named Plaintiff and the Colorado Rule 23 Class Members were employed by Defendant within the meaning of C.R.S. § 8-104-101(5).

69. Because Defendant was, at all relevant times, an employer within the meaning of the FLSA, it was also an employer within the meaning of the CWA pursuant to C.R.S. § 8-104-101(6).

70. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

71. Named Plaintiff and the Colorado Rule 23 Class Members worked in excess of 40 hours in an individual workweek and/or 12 hours in a workday which required pay at one and one-half times their regular rates of pay.

72. Once Named Plaintiff and the Colorado Rule 23 Class Members worked in excess of 40 hours in an individual workweek or 12 hours in a workday, they were entitled to overtime compensation which was not paid. As such, any overtime wages for which Named Plaintiff and the Colorado Rule 23 Class Members were not paid were and are "Wages" as defined by the CWA and therefore subject to the requirements of the CWA.

73. Named Plaintiff and the Colorado Rule 23 Class Members did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in a workweek and/or 12 in individual workdays.

74. Defendant's conduct and practices, as described herein, were willful and intentional.

75. By reason of the unlawful acts alleged herein, Named Plaintiff and the Colorado Rule 23 Class Members seek unpaid wages, liquidated damages, costs, reasonable attorney's fees, pre-judgment interest, and all other remedies available.

### VII.   PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Colorado Rule 23 Class under the Colorado Acts;

C. Finding that Defendant failed to keep accurate records in accordance with the FLSA and the Colorado Acts and that, as a result, Named Plaintiff, the FLSA Collective, and the Colorado Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Colorado Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Colorado Acts;

F. Awarding to Named Plaintiff, the FLSA Collective Members, and the Colorado Rule 23 Class costs, disbursements, and reasonable allowances for fees as well as reimbursement of costs and expenses;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Colorado Rule 23 Class such other and further relief as the Court deems just and proper;

H. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

I. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (56258)
Tristan T. Akers (OH Bar 0102298)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
          takers@mcoffmanlegal.com

*Attorney for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman